IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 2:24-cr-20015-002

WHITNEY LAXTON-CLAYBAUGH                                    DEFENDANT

## **ORDER**

Before the Court is Defendant Whitney Laxton-Claybaugh's Motion to Reduce Sentence. ECF No. 77.  The Government has responded.  ECF No. 78.  The Court finds the matter ripe for consideration.

On September 3, 2024, Defendant pleaded guilty to one count of conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h).[1]  ECF No. 32. The Court subsequently sentenced Defendant to 216 months imprisonment.  ECF No. 73.  Relevant to the instant motion, Defendant's Final Pre-Sentence Investigation Report (ECF No. 72; the "PSR") included a 1-level enhancement to her criminal history score pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.1(e) because she was on supervised release at the time of the instant offense.[2]  PSR, ¶ 121.  Prior to that 1-level enhancement, the PSR calculated that Defendant had 9 criminal history points.  PSR, ¶ 120.

In the instant motion, Defendant seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S.S.G.  Using what appears to be a pre-structured form, Defendant indicates that she seeks a reduction through U.S.S.G. § 4A1.1 because "the current offense was committed while under 'any criminal justice sentence' such as imprisonment,

---

[1] Though the Plea Agreement indicates that it was signed on August 20, 2024, it was not filed on the docket until September 3, 2024.  ECF No. 32, p. 12.

[2] Specifically, Defendant was serving a three-year term of supervised release in Case No. 4:22-cr-00526-001 out of the United States District Court, District of Arizona.  PSR, ¶¶ 119, 121.

probation, or supervised release." Defendant offers no further elaboration.

In response, the Government argues that the changes made to the U.S.S.G. by Amendment 821 were properly applied to Defendant in her PSR. The Government notes that Amendment 821 added what is now subsection (e) to U.S.S.G. § 4A1.1. Section 4A1.1(e) provides that 1 point should be added to a defendant's criminal history score "if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Noting that Defendant was on supervised release when she committed the instant offense and that her criminal history score was greater than 7 before the application of § 4A1.1(e) in the PSR, the Government contends that the PSR properly applied § 4A1.1(e) and that there is no basis for a reduction in Defendant's sentence.

The Court finds that the instant motion must be denied. Defendant has not shown that the changes Amendment 821 made to the U.S.S.G. were improperly applied in her PSR. As the Government noted, Amendment 821 added the current subsection (e) to U.S.S.G. § 4A1.1. *See* U.S.S.G. App. C, Amend 821. Defendant's PSR applied § 4A1.1(e) exactly as written when it added 1 criminal history point to Defendant's criminal history score because Defendant already had a criminal history score of 9 under §§ 4A1.1(a)-(d) and committed the instant offense while on supervised release. PSR, ¶¶ 120-21; *and see* U.S.S.G. § 4A1.1(e). Thus, the Court sees no error in the PSR's application of § 4A1.1(e), and no aspect of Amendment 821 that qualifies Defendant for a reduction in her sentence. Accordingly, Defendant's Motion to Reduce Sentence (ECF No. 77) is hereby **DENIED**.

**IT IS SO ORDERED**, this 17th day of June, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge

2